IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Wayne Dunagan, | ) | C/A No.: 6:10-cv-01846-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Wayne Dunagan, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Soboloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff filed his application for disability benefits on January 30, 2006, alleging disability as of June 1, 2003, due to osteoarthritis, headaches, depression, and gastrointestinal problems. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 3, 2009. The ALJ thereafter denied plaintiff's claims in decisions issued July 1, 2009 and July 6, 2009.[1] The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 57 years old on the alleged onset date. He completed the seventh grade. His past work experience includes employment as an insulator and as a pastor.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the

---

[1] As noted by the Magistrate Judge, the only difference between the two ALJ decisions is the date the claimant met the insured status requirements of the Social Security Act. Upon remand, the ALJ should clarify which date is correct, September 30, 2010 or June 30, 2011.

2

claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents his from performing some other available work.

3

The ALJ made the following findings in this case in his decision dated July 6, 2009:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.
2. The claimant has not engaged in substantial gainful activity since June 1, 2003, the alleged onset date (20 C.F.R. § 1571, *et seq.*)
3. The claimant has the following severe impairment: osteoarthritis (20 C.F.R. § 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c).
6. The claimant is capable of performing past relevant work as a pastor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565)
7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2003, through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. pp. 27-32).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 3, 2011, Magistrate Kevin F. McDonald filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be reversed under sentence four of 42 U.S.C. § 405(g), and the case remanded to the Commissioner for further proceedings. The defendant filed objections to the R&R on December 29, 2011. The plaintiff filed a response to Defendant's objections on January 26, 2012.

The magistrate judge recommends that the case be remanded and the ALJ instructed to (1) weigh the opinions of the treating physicians in accordance with the appropriate standards; (2) reconsider his finding at Step Four regarding Plainitiff's ability to do past relevant work; and (3)

4

make new findings at Step Five.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## DEFENDANT'S OBJECTIONS

In his objections to the R&R, the Commissioner alleges that the ALJ reasonably discounted the opinions of treating physicians Hester, Caddell, and Pittman, and chiropractor St. John. He further asserts that any error in finding that Plaintiff is capable of performing his past relevant work as a preacher is harmless because the ALJ made an alternate Step Five finding. Finally, he contends that the ALJ reasonably relied on the Medical-Vocational Guidelines (Grids) because the plaintiff retained the ability to perform a full range of medium work.

## ANALYSIS

***Treating Physicians***. Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The Court agrees with the Magistrate Judge that the reasons given by the ALJ for according the opinions by the treating physicians little or no weight are not supported by the substantial evidence of record. The ALJ found that the doctors' conclusions were inconsistent with "the MRIs taken in January 2009 and . . . (were) not supported by objective medical findings or each doctor's own treating progress notes of record." (Tr. p. 31). However, it is uncontroverted that the plaintiff has never had an MRI. Instead, he has had CT scans. Additionally, the ALJ fails to point to any treatment notes which are inconsistent with the doctors' conclusions. Moreover, the ALJ does not consider the length and frequency of treatment by the treating physicians as required by the regulations. In addition, the ALJ has mischaracterized the plaintiff's testimony regarding his ability to walk and lift. On remand, the ALJ shall re-weigh the opinions by the treating physicians and make appropriate findings.

***Past Relevant Work***. As noted by the Magistrate Judge, the ALJ made conflicting findings regarding

the claimant's ability to perform his past relevant work. He states at Finding Two: "The claimant has not engaged in substantial gainful activity since June 1, 2003, the alleged onset date." (Tr. p. 27). However, in the body of his opinion, he reviews the claimant's earnings record at the church and states that "[b]ased on the Regulations, I find the claimant's work as a pastor was substantial gainful activity" but that the amount of the expenses incurred required a finding that his work activity did not rise to the level of substantial gainful activity. He further states, "I find substantial gainful activity is not at issue in this decision." (Tr. p. 28). The ALJ then finds that "[t]he claimant is capable of performing past relevant work as a pastor." (Tr. p. 32).

Plaintiff asserts that the regulations provide that past relevant work includes "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502. He therefore contends that, since his work as a pastor did not constitute substantial gainful activity, it could not be considered past relevant work.

The government appears to concede the ALJ's error in finding that the plaintiff could engage in his past relevant work as a pastor, where he also found that the plaintiff's work as a pastor did not constitute substantial gainful activity. However, it asserts that any alleged error is harmless because the ALJ made an alternate Step Five finding that the plaintiff can perform work that exists in significant numbers in the economy.

Therefore, the analysis of the alleged error relating to past relevant work is related to the plaintiff's final argument, which is that the ALJ erred at Step Five of the sequential evaluation process by failing to establish **"other work"** that the claimant was capable of performing. Plaintiff contends that the ALJ failed to ask the vocational expert any questions regarding whether other jobs existed at

7

the medium level of exertion that the claimant could perform.  Also, he contends that the finding that he could perform medium work is not supported by the substantial evidence of record.

On remand, the ALJ should re-evaluate the plaintiff's RFC after further consideration of the treating physicians' opinions,[2] reconsider his findings at Step Four, and proceed (if necessary) with new findings at Step Five.

## **CONCLUSION**

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge as modified and remands the case to the Commissioner for further findings.  For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the Commissioner's decision is reversed under Sentence Four of 42 U.S.C. § 405(g) and remanded for further proceedings in accordance with this order.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
    R. Bryan Harwell
    United States District Judge

February 15, 2012
Florence, South Carolina

---

[2] The Magistrate notes, "[g]iven the plaintiff's age, limited education, and lack of transferrable skills based on his past relevant work as an insulator (Tr. 86), at a sedentary level of exertion, Rule 201.01 would direct a finding of disability, as would Rule 202.01 at the light level of exertion.  20 C.F.R. pt. 404, subpt. P, app.2, Sections 201.01, 202.01." (R&R, p. 15).